UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAUREN KINGSMORE, et al., Plaintiffs, v. DISTRICT OF COLUMBIA, et al., Defendants. | Civil Action No. 03-1130 (PLF) |

MEMORANDUM OPINION

This matter is before the Court on the parties' cross-motions for summary judgment and on Magistrate Judge Facciola's Report and Recommendation recommending that plaintiffs' motion be granted and defendants' motion be denied. The complaint alleges that defendant, the District of Columbia Public Schools ("DCPS"), failed to provide plaintiff Hannah Lutz the free appropriate public education ("FAPE") to which she is entitled under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 *et seq*. ("IDEA"). On September 30, 2005, the Court issued an Order and Judgment adopting the Recommendation in part and rejecting it in part, granting plaintiff's motion for summary judgment and denying defendants' motion. This Memorandum Opinion explains the reasoning underlying that Order.

I. BACKGROUND

Plaintiffs in this action are Hannah Lutz, a student eligible to receive special education and related services under the IDEA, and her mother and next friend, Lauren Kingsmore. After moving to the District of Columbia in 2002, Hannah was enrolled as a "non-

attending student" at Horace Mann Elementary School in the District of Columbia.  Kingsmore actually arranged for Hannah's attendance at the Lab School, a private educational institution providing services exclusively to learning disabled children.  On February 27, 2003, however, an Individualized Education Program ("IEP") meeting was conducted, after which DCPS proposed to place Hannah in a part-time special education program at Horace Mann.

Plaintiffs disagreed with Hannah's placement at Horace Mann and requested an administrative due process hearing under the IDEA.  A hearing was conducted on April 24, 2003, at which the testimony of five witnesses (two for DCPS and three for plaintiffs) was presented.  As required by the IDEA, an audio recording of the hearing was made.  Unfortunately, however, the student hearing officer ("SHO") conducting the hearing failed to re-engage the recording device after a tape change during the testimony of a DCPS witness, resulting in an audio break of unknown duration and the complete omission from the record of that witness's cross-examination by plaintiff's counsel.  The audio recording and transcript are furthermore marred by approximately 100 instances in which the comments of the SHO are unintelligible.

On April 30, 2003, the SHO issued a hearing officer determination ("HOD") finding that Mann was an appropriate placement for Hannah and dismissing the hearing request with prejudice.  On May 27, 2003, plaintiffs filed a complaint in this Court challenging the HOD and seeking a determination that DCPS violated Hannah's rights under the IDEA and an injunction ordering DCPS to place Hannah at the Lab School for the 2002-2003 school year.  On October 27, 2003, an amended complaint was filed seeking placement at the Lab School for the 2003-2004 school year and reimbursement for Hannah's placement at the Lab School for 2002-2003 (that school year by then having ended).

At plaintiffs' request, another due process hearing was conducted on October 20, 2003. In that hearing, plaintiffs claimed that DCPS had failed to provide an appropriate placement for Hannah for the 2003-2004 school year. In a HOD issued on October 27, the SHO rejected plaintiffs' challenge on procedural grounds and determined that "DCPS' previous placement [of Hannah] at Mann remains in effect."

The parties filed cross-motions for summary judgment. On August 3, 2004, the Court referred the case to Magistrate Judge Facciola for the management of all pretrial matters, including a Report and Recommendation on the pending motions for summary judgment. On February 23, 2005, Magistrate Judge Facciola issued a Report and Recommendation recommending that plaintiffs' motion for summary judgment be granted and that defendants' cross-motion for summary judgment be denied. Defendant timely objected to the report and recommendation, and the matter was then fully briefed.

In his Report and Recommendation, Judge Facciola concluded that by failing to provide the "written, or, at the option of the parents, electronic verbatim record of [the due process] hearing" to which plaintiffs are entitled, 20 U.S.C. § 1415(h), defendants deprived Hannah Lutz and her mother of the right to challenge effectively an adverse HOD. See Report and Recommendation ("R&R") at 9. By depriving plaintiffs of this important procedural right, DCPS denied Hannah Lutz FAPE in violation of the IDEA. Id. As a remedy for this denial of FAPE, Judge Facciola recommended that "DCPS must reimburse [Hannah's] mother for the costs she incurred in enrolling [Hannah] in the 2003-2004 and the 2004-2005 school years at the Lab School." Id. at 10.

Defendants object to Judge Facciola's recommendation on the grounds that a procedural violation does not constitute a denial of FAPE unless a plaintiff can show that some harm to the student resulted from the violation. See Defendants' Objections to Magistrate's Report and Recommendation ("Obj.") at 7. Defendants also object to Judge Facciola's recommendation that DCPS be compelled to pay for the cost of Hannah's placement at the Lab School for both the 2003-2004 and 2004-2005 school years, arguing that plaintiff's amended complaint sought reimbursement only for 2002-2003 and 2003-2004.

II. DISCUSSION

Rule 72(b) of the Federal Rules of Civil Procedure authorizes the referral of dispositive motions to a magistrate judge for a report and recommendation. When a party files written objections to any part of the magistrate judge's recommendation, the court considers *de novo* those portions of the recommendation to which objections have been made, and "may accept, reject, or modify the recommended decision[.]" FED.R. CIV.P. 72(b).

Reviewing the record of the case and Magistrate Judge Facciola's Report and Recommendation *de novo*, the Court agrees with Judge Facciola's conclusion that DCPS's failure to provide a full transcript or recording of the April 23, 2003 due process hearing constituted a denial of FAPE and of the rights expressly provided by the statute. See 20 U.S.C. § 1415(h)(3) (statutory right to written or "at the option of the parents, electronic verbatim record" of hearing). The Supreme Court has stated specifically that "the elaborate and highly specific procedural safeguards embodied in § 1415" – safeguards which include the provision of transcripts or audio recordings of due process hearings – are as important to the goals of the

IDEA as any of the substantive standards set forth in the statute.  Bd. of Educ. v. Rowley, 458 U.S. 176, 205-06 (1982).  In reliance on that reasoning, this Court has held in other cases brought under the IDEA that DCPS' failure to comply with the procedural mandates of the IDEA "can itself constitute the denial of a free appropriate education."  Blackman v. District of Columbia, 277 F. Supp.2d 71, 79 (D.D.C. 2003).

Courts reviewing hearing officer determinations under the IDEA are to afford "due weight" to the state administrative proceedings, see Bd. of Educ. v. Rowley, 458 U.S. at 206.  But in a case like this one, involving a student with complex emotional and educational disabilities, where there are "remarkably divergent views" about the best approach to her continuing education, R&R at 6, a reviewing court cannot adequately determine without a complete record whether the IEP and the placement issued by DCPS are "reasonably calculated to enable the child to receive educational benefits," as required by the IDEA.  See Bd. of Educ. v. Rowley, 458 U.S. at 206.  The Court agrees with Judge Facciola that in such a case, the plaintiffs' inability to obtain adequate judicial review based on a complete administrative record constitutes denial of FAPE.  See R&R at 9-10.

Magistrate Judge Facciola recommended that the appropriate remedy for the denial of FAPE in this case is reimbursement by DCPS for Hannah's attendance at the Lab School.  The amended complaint seeks reimbursement for the 2002-2003 and 2003-2004 school years, so only those two academic years are at issue.[1]  The Supreme Court has held that the IDEA authorizes reimbursement for payments made to private providers by parents who unilaterally

---

[1] Magistrate Judge Facciola's reference to the 2004-2005 school year may have been inadvertent.  In any event, the record in this case does not support relief as to that year.  See infra at 6.

place their child in a private placement when a child has been denied FAPE. See Florence County School Dist. Four v. Carter, 510 U.S. 7, 12-13 (1993); School Committee of Burlington v. Dep't of Educ. of Mass., 471 U.S. 359, 370 (1985); see also Blackman v. District of Columbia, 277 F. Supp.2d at 82 (citing 20 U.S.C. § 1412(a)(10)(C)(i) and (ii)).

When a student has been denied a free appropriate public education, the IDEA directs the court to "grant such relief as [it] determines is appropriate" in light of the purpose of the Act. School Committee of Burlington v. Dep't of Educ. of Mass., 471 U.S. at 369 (quoting 20 U.S.C. § 1415)(e)(2)). In this case, plaintiffs were denied the opportunity to challenge Hannah's 2002-2003 placement at Horace Mann by the procedurally deficient April 23, 2003 due process hearing. Their administrative challenge to her 2003-2004 placement at Mann was foreclosed by the October 23, 2003 HOD, which relied on the fact of Hannah's existing placement at Mann by DCPS without considering any substantive challenge to that placement. See Hearing Officer's Decision (October 23, 2003) at 4, Ex. to Obj. ("DCPS' previous placement at Mann remains in effect"). Because those decisions denied Hannah FAPE for both 2002-2003 and 2003-2004, the Court determines that reimbursement for both academic years is appropriate. There is no basis in the record before this Court or before the magistrate judge for requiring reimbursement for the 2004-2005 school year.

## III. CONCLUSION

By failing to provide the complete transcript or verbatim recording of the due process hearing to which plaintiffs were entitled under 20 U.S.C. § 1415(h), defendants denied plaintiffs their right to contest adequately an adverse HOD, and so denied Hannah Lutz the free

appropriate public education she is guaranteed by the IDEA. Accordingly, the Court has granted plaintiffs' motion for summary judgment and has ordered DCPS to provide reimbursement for Hannah Lutz's placement at the Lab School for the academic years 2002-2003 and 2003-2004.

An Order and Judgment consistent with this Memorandum Opinion issued on September 30, 2005.

SO ORDERED.

/s/________________________________
PAUL L. FRIEDMAN
United States District Judge

DATE: October 14, 2005